JENNINGS SIGMOND, P.C.
Matthew T. Tokarsky (Bar No. 124162014)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0644
FAX: (215) 922-3524
E-Mail: mtokarsky@jslex.com
Attorney for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.A. LOCAL 322 PENSION FUND, : <br> U.A. LOCAL 322 HEALTH & WELFARE FUND, : <br> U.A. LOCAL 322 ANNUITY FUND, : <br> U.A. LOCAL 322 EDUCATION FUND, : <br> LOCAL 322 OF THE UNITED ASSOCIATION : <br>   OF JOURNEYMEN AND : <br>   APPRENTICES OF THE PLUMBING AND : <br>   PIPE FITTING INDUSTRY OF THE UNITED : <br>   STATES AND CANADA, AFL-CIO, : <br> U.A. LOCAL 322 POLITICAL ACTION : <br>   COMMITTEE, and : <br> KURT R. KRUEGER, JR. in his official capacity : <br>   as a fiduciary : <br> 534 So. Route 73 : <br> P.O. Box 73 : <br> Winslow, NJ 08095, : <br> : <br>   and : <br> : <br> SOUTH JERSEY MECHANICAL : <br>   CONTRACTORS ASSOCIATION : <br>   INDUSTRY FUND, and : <br> DAN FALASCA, JR., in his official capacity as a : <br>   fiduciary : <br> P.O. Box 338 : <br> Williamstown, NJ 08094, : <br>                               Plaintiffs, : <br>   v. : <br> : <br> KISBY SHORE PLUMBING : <br>   AND HEATING CO. : <br>   d/b/a KISBY SHORE RESIDENTIAL : <br>   & COMMERCIAL PLUMBING, : | CIVIL ACTION NO.: |

```
HEATING & AIR                          :
    d/b/a KISBY SHORE CORPORATION      :
610 N. New Jersey Avenue               :
Atlantic City, NJ 08401,               :
                                       :
                Defendant.             :
```

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States or their designees by certified mail.

### VENUE

3. Venue lies in the District of New Jersey under 29 U.S.C. §§ 185(a) or 1132(e)(2).

### PARTIES

4. Plaintiff U.A. Local 322 Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3). The Pension Fund is also known as and references as "Plumbers and Pipefitters Local Union No. 322 Pension Fund" and "U.A. Local Union No. 322 Pension Fund."

5. Plaintiff U.A. Local 322 Health & Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3). The Welfare Fund is also known as and referenced as "United Association, Local Union No. 322 Health and Welfare Fund."

6. Plaintiff U.A. Local 322 Annuity Fund ("Annuity Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3). The Annuity Fund is also known as and referenced as "U.A. Local 322 Annuity Fund" and "United Association, Plumbers and Pipefitters Local 322 Annuity Fund."

7. Plaintiff U.A. Local 322 Education Fund ("Education Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3). The Education fund is also known and referenced as "United Association, Local Union No. 322 Health and Education Fund" and "United Association, Plumbers and Pipefitters Local 322 Education Fund."

8. Plaintiff, Local 322 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, ("Union") is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Defendant who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

9. Plaintiff, U.A. Local 322 Political Action Committee ("PAC"), is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. or similar law for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

10. Plaintiff, Kurt R. Krueger, Jr. ("Krueger"), is a trustee and fiduciary with respect to the Pension Fund, Welfare Fund, Annuity Fund, and Education Fund within the meaning of 29

627809_1.doc
P322F0-34916

- 3 -

U.S.C. § 1002(21) with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Pension Fund, Welfare Fund, Annuity Fund and Education Fund. Krueger is Business Manager of the Union and is authorized to bring this action on behalf of the PAC and Union.

11. Plaintiff, South Jersey Mechanical Contractors Association Industry Fund, ("IAF" or "Industry Fund") is a trust fund established by the South Jersey Mechanical Contractors Association, Inc. for the purpose of fostering and advancing the interests of the plumbing and pipefitting industry in accordance with the terms of the Labor Contract.

12. Plaintiff, Dan Falasca, Jr. ("Falasca"), is the Chairman of the Industry Fund and is authorized to bring this action on its behalf. Falasca maintains a business address as listed in the caption.

13. The Pension Fund, Welfare Fund, Annuity Fund, and Education Fund (jointly, "Funds"), IAF, PAC and the Union (the Funds, IAF, PAC and Union together with Krueger and Falasca are collectively called "Plaintiffs") maintain their principal place of business and are administered from offices located in the District of New Jersey.

14. Defendant, Kisby Shore Plumbing & Heating Co. d/b/a Kisby Shore Residential & Commercial Plumbing, Heating & Air d/b/a Kisby Shore Corporation ("Company" or "Defendant"), is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

15. At all times relevant to this action, the Company was party to a collective

bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract is attached as Exhibit 1.

16. Defendant also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

17. Under the Labor Contract or Trust Agreements, Defendant agreed:

(a) To make full and timely payments on a monthly basis to the Funds, Committee and Union as required by the Labor Contract;

(b) To file monthly remittance reports with the Funds, IAF, PAC and Union detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Funds, IAF, PAC and Union individually or jointly, all books and records deemed necessary to conduct an audit of the Defendant's records concerning its obligations to the Funds, IAF, PAC and Union; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds, IAF, PAC and Union to collect any amounts due as a consequence of Defendant's failure to comply with their contractual obligations described in Subparagraphs (a), (b) and (c).

18. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - AUDIT

### PLAINTIFFS
### v.
### DEFENDANT

19.    The allegations of paragraphs 1 through 18 are incorporated by reference as if fully restated.

20.    The amount of contributions Defendant is required to pay to the Funds, IAF, PAC and Union is based upon hours worked and paid to employees performing work covered by the Labor Contract.

21.    The Funds, IAF, PAC and Union are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Defendant.

22.    Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

23.    Company has failed to provide all necessary books and records for the period January 2012 through the present.

24.    The Labor Contract, Trust Agreements and applicable law require Defendant to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds, IAF, PAC and Union and to pay the cost of the audit if found to be delinquent.

25.    Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of the breach and require an audit.

26. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Defendant and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due for the period January 2012 through the present;

(2) Order the Defendant to pay for an audit by a certified public accountant chosen by the Funds; and

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

**PLAINTIFFS**
**v.**
**DEFENDANT**

27. The allegations of paragraphs 1 through 26 are incorporated by reference as if fully restated.

28. On information and belief, Defendant has failed to make contributions to the Funds, IAF, PAC and Union as required by their Labor Contract and the Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

29. On information and belief, Plaintiffs have been damaged by the failure of the Defendant to make contributions as required by its Labor Contract, the Trust Agreements and applicable law.

627809_1.doc
P322F0-34916

-7-

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Defendant and in favor of the Plaintiffs for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract, Trust Agreements and applicable law; and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### FUNDS
### v.
### DEFENDANT

30. The allegations of paragraphs 1 through 26 are incorporated by reference as if fully restated.

31. On information and belief, the Defendant has failed to make contributions to the Funds in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

32. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency since the books, records and information necessary to determine this liability are in the possession, custody, control or knowledge of the Defendant.

33. On information and belief, the Funds have been damaged by the Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, the Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Defendant and in favor of the Plaintiffs for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Labor Contract, Trust Agreements and 29 U.S.C. § 1132(g)(2); and

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                    Respectfully submitted,

                    JENNINGS SIGMOND, P.C.

                    _____
                    **MATTHEW T. TOKARSKY (124162014)**

Dated: October 25, 2016